Bland, Chancellor.
This case having been submitted on bill and answer, the proceedings were read and considered.
An injunction of this description is in the nature, and in all respects performs the office of the ancient writ of estrepem.ent. It *594 is an attendant upon the action at common law; and, as its inseparable ally, follows its fortunes, and must submit to its fate, (a) The restriction of this kind of injunction, in its commencement, must, from its nature, be coextensive with the pretensions of the plaintiff as made in his bill in equity and action at common law. But if, in that action, the plaintiff fails to recover entirely according to his pretensions, the injunction can be perpetuated to the extent of his recovery only and no further; and upon the same principle, if the plaintiff fails in his action at law altogether, the injunction must be totally dissolved.
In this case it does not distinctly appear, by the proceedings, how far the plaintiff has failed in sustaining his pretensions at law. The defendant by his answer, which is to be taken for true in this mode of submitting the case on bill and answer, avers that the judgment at law does not ascertain the plaintiff’s pretensions to be as extensive as in his bill it would appear he supposes. Hence although it must be taken for true, that there is some difference between the extent of the plaintiff’s pretensions, which he asked to have protected by an injunction, and his actual recovery, yet that difference is in no manner designated by this vague allegation of the defendant, or by any thing to be found in the proceedings. If the unequivocal extent of the future operation of this injunction be of the importance the parties now seem to consider it, the exact extent of the plaintiff’s pretensions, as established by his judgment at law, should have been clearly and distinctly shewn to this court to enable it to limit the injunction accordingly. But a judgment in the general terms that this appears to be, must, without some equally authentic evidence to the contrary, be taken as sufficiently shewing, that the injunction should continue to operate to the full extent of its original scope.
Whereupon it is decreed, that the injunction heretofore granted in this case be and the same is hereby made perpetual; and that the said defendant pay unto the said plaintiff the costs of this suit to be taxed by the register.

 Duvall v. Waters, ante, 569.